JUDGE BATTS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004;

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

                    Plaintiffs,

     v.

CENTRAL INTELLIGENCE AGENCY
Litigation Division
Office of General Counsel
Washington, DC 20505;

DEPARTMENT OF STATE
2201 C Street, N.W.
Washington, DC 20520;

DEPARTMENT OF DEFENSE
1000 Defense Pentagon
Washington, DC 20301-1000,

                  Defendants.

No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, for injunctive and other appropriate relief, seeking the immediate processing and release

of agency records requested by Plaintiffs American Civil Liberties Union and American Civil

Liberties Union Foundation (collectively "ACLU") from Defendants Central Intelligence

Agency ("CIA"), U.S. Department of Defense ("DOD"), and U.S. Department of State ("DOS").

Although Plaintiffs submitted their request eleven months ago, Defendants have failed to process

the request either "promptly" (as required by FOIA for all requests, *id.* § 552(a)(3)(A)(ii)) or in

an "expedited" fashion (as required by FOIA for certain requests, *id.* § 552(a)(6)).

2.      On October 16, 2009, Plaintiffs submitted a FOIA request ("Request") to the CIA,

DOS, DOD, three DOD components—the U.S. Department of the Army ("Army"), the U.S.

Department of the Navy ("Navy"), and the Defense Intelligence Agency ("DIA")—as well as

one subcomponent of the Army, the U.S. Army Medical Command ("MEDCOM"). The

Request sought release of:

   a.  "All records, including autopsy reports and death certificates, relating to the
       deaths of any individuals apprehended after September 11, 2001, and held by the
       United States at military bases or detention facilities outside the United States
       ('detainees').

   b.  "All records relating to investigations, inquiries, or disciplinary proceedings
       initiated as a result of any deaths of detainees, including but not limited to records
       indicating the existence of such investigations, inquiries, or disciplinary
       proceedings."

3.      Plaintiffs sought expedited processing of the Request. No Defendant has granted

Plaintiffs' request for expedited processing.

4.      Plaintiffs also sought a waiver of search, review, and duplication fees. Only the

CIA has granted Plaintiffs' request for a waiver of fees.

5.      Eleven months have elapsed since the ACLU filed the Request.  None of the defendant agencies has released any responsive records.

6.      The failure of the government to process and release responsive records—"promptly" or otherwise—is of particular concern given the nature of the records.  The records sought would greatly contribute to the public's understanding of the treatment of suspected terrorists and others held in U.S. custody following September 11, 2001.  In response to previous FOIA requests made by the ACLU, the government has released certain records relating to the deaths of detainees in U.S. custody.  The government has not, however, released records pertaining to detainee deaths that were generated after the cut-off dates used in responding to the previous FOIA requests.  Release of these records is of critical importance now as the nation engages in a debate about the legality of the treatment of detainees in the past and about the limits, if any, to be imposed on executive authority in the future.  Records relating to detainee deaths—which likely describe the gravest of the abuses that have taken place—are particularly crucial as the Department of Justice and the Attorney General conclude their preliminary review of detainee abuse and determine whether to expand that review to encompass other instances of abuse or senior officials who, in some instances, may have authorized or were deliberately indifferent to such abuses.  Despite the clear importance of these records to an ongoing debate and to the public interest, Defendants have yet to produce—much less, "promptly"—any records or to justify their withholding.

7.      Plaintiffs seek an injunction requiring Defendants to process Plaintiffs' Request immediately.  Plaintiffs also seek an order enjoining Defendants from assessing fees for the processing of the Request.

## Jurisdiction and Venue

8.     This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706.  Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

9.     Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality.  The ACLU is committed to ensuring that the treatment of prisoners within U.S. custody is consistent with the government's obligations under domestic and international law.

10.    Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

11.    Defendant CIA is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

12.    Defendant DOD is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The Army, Navy, and DIA are components of the DOD.  MEDCOM is a subcomponent of the Army, and the Navy Criminal Investigative Service ("NCIS") is a subcomponent of the Navy.

13.    Defendant DOS is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

**Factual Background**

The 2003 and 2004 FOIA Requests

14.   In October 2003, in response to news reports alleging the mistreatment of detainees in U.S. custody, the ACLU submitted a FOIA request ("2003 Request") seeking records relating to the treatment, death, and rendition of individuals detained by the United States after September 11, 2001 and held on military bases or in detention facilities outside the United States. The ACLU filed a second, substantively identical request in May 2004 ("2004 Request"). To date, the ACLU has obtained well over 100,000 pages of government records pursuant to these requests, all of which are posted on the ACLU's website in an easily searchable and catalogued database. *See* http://www.aclu.org/accountability/search.html; http://www.aclu.org/accountability/released.html.

15.   The documents obtained through these past requests have been the subject of substantial and continuing public interest. Collectively, the records have fueled and informed the ongoing public debate about the abuse and torture of detainees in U.S. custody and the extent of high-level responsibility for that abuse.

The Current Request

16.   In October 2009, Plaintiffs submitted the current FOIA request ("Request") for records pertaining to the deaths of prisoners apprehended after September 11, 2001 and held by the United States in military bases or detention facilities outside the United States, and for records pertaining to investigations, inquiries, or disciplinary proceedings initiated as a result of such deaths. Plaintiffs expressly noted in the Request that they did not seek the production of documents already produced in response to other ACLU FOIA requests, which would include the 2003 and 2004 Requests.

17.     Plaintiffs sought expedited processing of the Request on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity.  5 U.S.C. § 552(a)(6)(E)(v); *see also* 22 C.F.R. § 171.12(b)(2); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. § 1900.34(c)(2).  Plaintiffs also sought expedited processing on the grounds that the records sought relate to a "breaking news story of general public interest." 22 C.F.R. § 171.12(b)(2)(i); 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 32 C.F.R. § 1900.34(c)(2) (providing for expedited processing when "the information is relevant to a subject of public urgency concerning an actual or alleged Federal government activity").

18.     Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure of the requested records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); 22 C.F.R. § 171.17(a); 32 C.F.R. § 286.28(d); 32 C.F.R. § 1900.13(b)(2).

19.     Plaintiffs also sought a limitation of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); 32 C.F.R. § 286.28.

## Agency Responses to the Request

20.     Although the Request has been pending for eleven months, no records have been produced, and the government has not provided any basis for withholding responsive records.

Central Intelligence Agency

21.     By letter dated October 30, 2009, the CIA denied Plaintiffs' request for expedited processing, stating that the "request does not demonstrate a 'compelling need.'" Beyond this, the CIA did not explain the basis for denial.

22.     By letter dated January 29, 2010, the CIA agreed to waive fees for the Request "as a matter of administrative discretion, and in accordance with [CIA] regulations."

Department of Defense

23.     By letter dated October 30, 2009, the DOD denied Plaintiffs' request for a fee limitation on the grounds that the ACLU "is not publishing or disseminating information as its primary activity" and therefore "does not qualify as a representative of the news media." The DOD also denied Plaintiffs' request for expedited processing on the grounds that the requested records were not "the subject of a breaking news story," the ACLU is not "a representative of the news media," and the information requested "would not lose its value of [sic] not processed on an expedited basis." Furthermore, the DOD declined to determine whether to grant Plaintiffs' request for a public-interest fee waiver until "after a search for responsive documents is conducted and the volume and nature of the records is determined," and requested that Plaintiffs "make a fee commitment to support a complete search."

24.     By letter dated December 23, 2009, Plaintiffs timely appealed from the DOD's denial of Plaintiffs' request for expedited processing and Plaintiffs' request for a fee limitation, as well as the DOD's request that Plaintiffs make a fee commitment prior to receiving a determination as to whether Plaintiffs' request for a public-interest fee waiver would be granted.

25.     By letter dated March 12, 2010, the DOD rejected Plaintiffs' appeal, upholding its denials of Plaintiffs' request for expedited processing and Plaintiffs' request for a fee limitation, and denying Plaintiffs' request for a public-interest fee waiver.

### Department of Defense—Defense Intelligence Agency

26.     By letter dated October 30, 2009, the DIA denied Plaintiffs' request for expedited processing on the grounds that the request did not meet the agency's definition of "compelling need." The DIA also denied Plaintiffs' request for a fee limitation on the grounds that the ACLU "is not publishing or disseminating information as its primary activity" and therefore "does not qualify as a representative of the news media." Furthermore, the DIA declined to determine whether to grant Plaintiffs' request for a public-interest fee waiver until "after a search is completed and [the DIA] determines if records responsive to [the Request] will add to the current level of public knowledge," and informed Plaintiffs that the determination would be based on a two-hour search unless Plaintiffs "submit a written commitment as to the amount of fees [Plaintiffs] would be willing to pay" in support of a longer search.

27.     By letter dated December 23, 2009, Plaintiffs timely appealed from the DIA's denials of Plaintiffs' request for expedited processing and Plaintiffs' request for a fee limitation. Plaintiffs also appealed from the DIA's deferral of any decision regarding Plaintiffs' request for a public-interest fee waiver.

28.     The statutory deadline for the DIA to respond to Plaintiffs' appeal has passed, 5 U.S.C. § 552(a)(6)(A)(ii), and the DIA has yet to respond.

Department of Defense—Department of the Army

29.     By letter dated November 10, 2009, the Army informed Plaintiffs that it had referred the Request to MEDCOM and the U.S. Army Crime Records Center ("Army CRC"). MEDCOM has yet to respond to the Request.

30.     By letter dated December 8, 2009, the Army CRC confirmed that it had 41,651 pages of records relating to "one hundred forty-four (144) cases responsive to [Plaintiffs'] request," presumably indicating that at least 144 detainees have died in U.S. custody. The Army CRC denied Plaintiffs' request for expedited processing of those records, however, on the grounds that Plaintiffs "ha[d] not demonstrated an exceptional need or urgency nor ha[d] [Plaintiffs] self-certified that need or urgency." The Army CRC also denied Plaintiffs' request for a public interest fee waiver, stating that "[t]he revised fee waiver standard . . . does not . . . automatically require a complete waiver of all fees whenever [the necessary] requirements are met."

31.     By letter dated February 4, 2010, Plaintiffs timely appealed from the Army CRC's denials of Plaintiffs' request for expedited processing and Plaintiffs' request for a public-interest fee waiver.

32.     By letter dated May 19, 2010, the Army CRC rejected Plaintiffs' appeal, upholding its denials of Plaintiffs' requests for expedited processing and for a public-interest fee waiver.

Department of Defense—Department of the Navy

33.     By letter dated November 23, 2009, the Navy denied Plaintiffs' request for a fee limitation on the grounds that "the publishing and dissemination of information is not the primary activity of the ACLU" and that, therefore, "the ACLU does not qualify as a

representative of the news media." The Navy also denied Plaintiffs' request for expedited

processing on the grounds that "[t]he Department of Defense Office of Freedom of Information

has . . . determined that the information [Plaintiffs] ha[ve] requested has been the subject of

continuing news stories for several years, and that the ACLU is not primarily engaged in

disseminating information." Furthermore, the Navy declined to determine whether to grant

Plaintiffs' request for a public-interest fee waiver until "a search of responsive documents is

conducted and the volume and nature of the records is determined."

34.     By letter dated January 21, 2010, Plaintiffs timely appealed from the Navy's

denials of Plaintiffs' requests for expedited processing and a fee limitation. Plaintiffs also

appealed from the Navy's deferral of any determination regarding Plaintiffs' request for a public-

interest fee waiver.

35.     By letter dated February 1, 2010, the Navy denied in part and granted in part

Plaintiffs' appeal. Specifically, the Navy upheld the denials of Plaintiffs' requests for a fee

limitation and expedited processing, but agreed with Plaintiffs' claim that the Navy erred in

refusing to make a public-interest fee-waiver determination until the conclusion of its search.

The Navy remanded this portion of Plaintiffs' appeal for further consideration.

36.     By letter dated February 2, 2010, after the partial remand of February 1, 2010, the

Navy denied Plaintiffs' request for a public-interest fee waiver on the grounds that Plaintiffs

"failed to address how the documents will significantly contribute to the public's understanding;

how the documents will be meaningfully informative to the subject matter; . . . how the

documents in question will contribute to the public's understanding of the Navy's operations or

activities; [and] how . . . the public's understanding [will] be enhanced by disclosure of these

documents."

37.    By letter dated April 1, 2010, Plaintiffs appealed from the Navy's denial of

Plaintiffs' request for a public-interest fee waiver.

38.    By letter dated July 13, 2010, the Office of the Judge Advocate General rejected

Plaintiffs' appeal but remanded the case to the Chief of Naval Operations for further

consideration of Plaintiffs' request for a public-interest fee waiver.  The Chief has yet to

determine whether to grant Plaintiffs' request for a public-interest fee waiver.

Department of Defense—Department of the Navy—Naval Criminal Investigative Service

39.    By letter dated November 24, 2009, the Navy informed Plaintiffs that it had also

forwarded the Request to the Naval Criminal Investigative Service ("NCIS"), a subcomponent of

the Navy.

40.    By letter dated January 4, 2010, the NCIS denied Plaintiffs' request for expedited

processing.  The NCIS also declined to make a determination as to whether to grant Plaintiffs'

request for a public interest fee waiver.

41.    By letter dated March 5, 2010, Plaintiffs timely appealed from the NCIS's denial

of Plaintiffs' request for expedited processing and its deferral of a determination regarding

Plaintiffs' request for a public-interest fee waiver.

42.    By letter dated March 19, 2010, the NCIS upheld its denial of Plaintiffs' request

for expedited processing.

43.    By letter dated April 5, 2010, the Navy acknowledged that it had received

Plaintiffs' appeal from the NCIS's deferral of a determination regarding Plaintiffs' request for a

public-interest fee waiver, and stated that it was "seeking clarification from the Department of

Justice on questions raised in [Plaintiffs'] appeal."

44.     By letter dated July 13, 2010, the Office of the Judge Advocate General granted Plaintiffs' appeal from the NCIS's deferral of a determination regarding a fee waiver, and informed Plaintiffs that it had directed NCIS to determine whether a fee waiver is merited.

45.     By letter dated August 16, 2010, the NCIS waived the search fees for Plaintiffs' request but assessed duplication fees.  Plaintiffs are administratively challenging the assessment of duplication fees.

## Department of State

46.     By letter dated November 4, 2009, the DOS classified the ACLU as a representative of the news media.

47.     By letter dated April 26, 2009, Plaintiffs provided the DOS with additional information relating to their request for a public-interest fee waiver.

48.     By letter dated July 6, 2010, the DOS declined to determine whether to grant Plaintiffs' request for a public-interest fee waiver "until [it is] able to determine whether the disclosure of any records responsive to [Plaintiffs'] request is in the public interest." The DOS has yet to make that determination.

## Causes of Action

49.     Defendants' failure to make a reasonable effort to search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

50.     Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

51.     Defendants' failure to grant Plaintiffs' request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

52.   The failure of Defendant DOD—as well as its components DIA, the Army, and the Navy, and its subcomponents MEDCOM, the Army CRC, and the NCIS—to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

53.   The failure of Defendants DOS and DOD—as well as the DOD's components DIA, the Army, and the Navy, and its subcomponents MEDCOM, the Army CRC, and the NCIS—to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

## Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A.   Order Defendants to process immediately all records responsive to the Request;

B.   Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C.   Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D.   Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

ALEXANDER A. ABDO (AA-0527)
JAMEEL JAFFER (JJ-4653)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2517
Fax:    (212) 549-2654
Email: aabdo@aclu.org

ARTHUR EISENBERG (AD-2012)
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-3324
Email: arteisenberg@nyclu.org

September 15, 2010